IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MOONGATE WATER CO., INC.,**
**A New Mexico Public Utility,**

      **Plaintiff,**

vs.                                                  **No. CIV 02-1615 RB/LCS**

**DOÑA ANA MUTUAL DOMESTIC**
**WATER CONSUMERS ASSOCIATION,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Plaintiff's (Moongate's) Motion for Partial Judgment on the Pleadings (Doc. 19), filed April 24, 2003; Moongate's Motion for Partial Judgment on the Pleadings - Statute of Limitations (Doc. 28), filed June 4, 2003; Moongate's Motion to Amend Answer to Counterclaim (Doc. 32), filed June 6, 2003; Defendant's (Doña Ana's) Motion to Dismiss for Lack of Case or Controversy (Doc. 30), filed June 10, 2003; Doña Ana's Motion in Limine to Exclude Expert Report and Proposed Testimony of Jerry Lowance (Doc. 35), filed June 20, 2003, and Doña Ana's Motion for Partial Summary Judgment Relating to Moongate's Affirmative Defenses to Doña Ana's § 1926(b) claim (Doc. 40), filed June 23, 2003.  Jurisdiction is founded upon 28 U.S.C § 1331.  Having reviewed the submissions of the parties and the relevant law, the Court finds that Moongate's Motion for Partial Judgment on the Pleadings should be granted and all other motions should be denied.

**I.**      **Background.**

Moongate is a public utility incorporated under the New Mexico Public Utility Act, NMSA 1978, §§ 62-1-1 *et seq.*, and regulated by the New Mexico Public Regulatory Commission (NMPRC).

(Compl. ¶ 10.) Doña Ana is a non-profit association formed under New Mexico law for the purpose of providing water service within its service area. (Countercl. ¶ 1.) Doña Ana remains indebted[1] to the federal government for loans obtained for the purpose of constructing water facilities to meet the needs of residents within its service area. (*Id.*)

At issue is water service to an area northeast of Las Cruces, east of Interstate 25 and north of U.S. Highway 70. (Pl. Ex. A.) Moongate alleges that in 1985, Doña Ana County (County) asked Moongate to initiate service to the disputed area because residents were without water. (Compl. ¶ 6, Pl. Ex. A.) In 1987, Moongate entered into an agreement with Forrest and Joyce Westmoreland d/b/a Apollo Estates Water System to purchase water rights and provide service to customers in the disputed area. (Compl. ¶ 9, Pl. Ex. A.) Moongate currently serves approximately 1290 customers in the disputed area. (Compl. ¶ 12.) According to Moongate, its certificate of convenience and necessity issued by the NMPRC and statutory law require it to serve customers within its service area, and that its service area extends up to one half mile from existing pipes in the ground. (Compl. ¶¶ 13-14.) Moongate alleges that it has pipes in the ground in the disputed area and that it is able to provide service with only minor additional construction. (Compl. ¶ 15.)

Moongate states that "historically" Doña Ana has not claimed the right nor the intention to provide service in the disputed area. (Compl. ¶ 16.) However, in 2002, Doña Ana entered into an agreement with Forrest and Joyce Westmoreland d/b/a Apollo Estates Water System. (Compl. ¶ 18.) While the Complaint does not specify the nature of the 2002 agreement, in a letter dated November 8, 2002, Doña Ana informed Moongate that Doña Ana intended to serve the disputed area. (Compl.

---

[1] Although Moongate denied this allegation in its answer, it does not challenge indebtedness in the briefs.

¶ 20; Pl. Ex. B.)  On May 21, 2003, an engineering firm employed by Doña Ana sent a letter to Moongate requesting comments concerning water system improvements planned by Doña Ana including a one million gallon storage tank to serve the area east of Interstate 25.  (Pl. Resp. to Def.'s Mot. to Dismiss, Ex. B.)

Moongate alleges that Doña Ana currently has a water storage tank located within the disputed area, but the tank is not high enough to provide water pressure sufficient to serve customers in the disputed area.  (Compl. ¶ 21.)  Moongate asserts that Doña Ana has no service to customers and no pipes in the ground in the disputed area.  (Compl. ¶¶ 21-23.)  Doña Ana denied these allegations in its Answer.  (Am. Answer ¶¶ 21-23.)

Doña Ana asserted in its counterclaim that it has made water service available to each of the customers served by Moongate within the disputed area by having facilities from which water service could have been provided within a reasonable time from when the customer requested water service. (Countercl. ¶ 5.)  However, in its Motion to Dismiss for Lack of Case or Controversy and Motion for Partial Summary Judgment, Doña Ana states that it does not assert § 1926(b) protection as to any current Moongate customer or to any customer who has formally requested water service from Moongate.  (Docs. 31 and 40.)

Moongate requests a declaratory judgment "that the provisions of 7 U.S.C. § 1926(b) do not apply to Defendant [Doña Ana] regarding service by Moongate to persons either on their system or in the area of their system."  (Compl. ¶ 5.)  Doña Ana counterclaimed that it is entitled to: (1) damages under 42 U.S.C. § 1983; (2) a declaratory judgment regarding "the rights and legal relations of the parties concerning the right of Moongate to sell water with the Doña Ana 'Service Area'" and the damages that Moongate must pay for its past and future sales of water within the disputed area

3

"until a transition can be completed eliminating encroachment;" (3) injunctive relief; and (4) a constructive trust on all of the water lines and facilities constructed by Moongate to serve residents within the disputed area. (Countercl.)

**II.     Standard.**

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); FED. R. CIV. P. 12(b)(6). The same standard applies to a Rule 12(c) motion for judgment on the pleadings. *McHenry v. Utah Valley Hospital*, 927 F.2d 1125, 1126 (10th Cir. 1991). The court must accept all the well-pleaded factual allegations of the complaint as true and view them in the light most favorable to the non-moving party. *Sutton v. Utah State Sch. for the Deaf and Blind*, 173 F.3d 1226, 1336 (10th Cir. 1999). In accepting the complaint's allegations as true, the court must consider whether the complaint, standing alone, is legally sufficient to state a claim upon which relief may be granted. *Ordinance 59 Ass'n v. United States Dep't of Interior*, 163 F.3d 1150, 1152 (10th Cir. 1998).

**III.    Analysis.**

    **A.    Moongate's Motion for Partial Judgment on the Pleadings and Request for Attorney Fees.**

Moongate argues that it is entitled to a judgment on the pleadings on Doña Ana's § 1983 counterclaim because the Tenth Circuit held in a materially similar case that Moongate was not acting under color of state law. *See Moongate Water Co., Inc. v. Butterfield Park Mut. Domestic Water Assoc.*, 291 F.3d 1262 (10th Cir. 2002). Moongate also requests an award of attorney fees because Doña Ana's claim that Moongate is a state actor is frivolous, ungrounded, and arguably made in bad

faith.

In order to state a claim for relief in an action brought under § 1983, a party must establish that it was (1) deprived of a right secured by the Constitution or laws of the United States, and (2) the alleged deprivation was committed under color of state law. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). The Supreme Court has applied various tests to determine if the conduct of a private entity such as Moongate qualifies as state action. *See Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447-57 (10th Cir. 1995) (discussing the tests).

In *Butterfield Park*, the Tenth Circuit applied the "close nexus" test and determined that Moongate was not acting under color of state law when it provided water service to the customer of a § 1926(b) protected entity. *Butterfield Park*, 291 F.3d 1268-1270. The district court, relying on the close nexus test, had concluded that Moongate's actions were taken under color of state law because Moongate provided an essential public service, it was extensively regulated by the state, and the NMPRC had granted Moongate informal permission to extend service to the disputed customer. *Id.*, 291 F.3d at 1268.

The Tenth Circuit reversed, holding that the close nexus test demanded not merely a showing of government authorization, but also government coercion or substantial encouragement. *Butterfield Park*, 291 F.3d at 1269-1270. "'[T]he inquiry must be whether there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself.'" *Id.,* 291 F.3d at 1269 (quoting *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974)). The "'State normally can be held responsible for a private decision *only when [the State] has exercised coercive power or has provided such significant encouragement, either overt or covert*, that the choices must be, in law, deemed that of

5

the State.'" *Butterfield Park*, 291 F.3d at 1269-1270 (quoting *Blum v. Yaresky*, 457 U.S. 991, 1004 (1982)) (alteration in original).

Doña Ana argues that this case is distinguishable from *Butterfield Park* because Moongate alleged that the County requested that Moongate extend service into the disputed area and the certificate of convenience and necessity issued by the NMPRC and statutory law require Moongate to serve customers within its service area.[2]

Doña Ana cites no authority for the proposition that the County had the authority to compel Moongate to provide water service. The NMPRC has exclusive authority to regulate the services of public utilities. *See* NMSA 1978, § 62-6-4. As a matter of law, the County was unable to coerce or significantly encourage Moongate to provide service. Nothing in the pleadings indicates that the County's request amounted to coercion or significant encouragement as required by *Butterfield Park*. The County's request that Moongate provide service to remedy a lack of water service in the disputed areas did not convert Moongate's action to state action.

Doña Ana's reliance on the NMPRC's certificate of public convenience and necessity and statutory requirements is similarly unavailing. Adherence to the requirements of a state regulatory scheme is not equivalent to the state instigating or encouraging the action. *Jackson*, 419 U.S. at 351; *Butterfield,* 291 F.3d at 1269. In *Jackson*, a privately owned and operated utility terminated service to a customer who was delinquent in paying her bill. *Jackson*, 419 U.S. at 348. Ms. Jackson then filed suit under § 1983 alleging she was deprived of her Fourteenth Amendment right to a hearing and an opportunity to pay her bill before the electrical company could terminate service. *Id*. She claimed

---

[2] Doña Ana does not advocate for application of any of the other state action tests described in *Gallagher*.

6

that under state law she had an entitlement to reasonably continuous electrical service and that the termination of her service for alleged nonpayment, an action allowed by a provision of the company's general tariff filed with the state utility commission, constituted state action. *Id*. The Supreme Court held that exercise of an alternative choice permitted by state law does not convert private action into state action where the initiative comes from the private party. *Jackson*, 419 U.S. at 357.

The actions of Moongate in supplying water to the disputed area are materially similar to the actions of the utility company in *Jackson*. The certificate of public convenience and necessity and the statutory scheme authorize Moongate to provide water services within its service area; they do not convert Moongate's decision to provide water to state action. The instant case is indistinguishable from *Butterfield Park* for the purposes of determining whether Moongate engaged in state action. Moongate did not act under color of state law in providing water within the disputed area. *Butterfield*, 291 F.3d at 1270. Moongate's motion for judgment on the pleadings should be granted.

Moongate requests attorney fees in connection with the § 1983 counterclaim on the grounds that the counterclaim was clearly foreclosed by *Butterfield Park*. In a civil rights action, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of its costs." 42 U.S.C. § 1988(b); *Robinson v. City of Edmond*, 160 F.3d 1275, 1280 (10th Cir. 1998). When the defendant is the prevailing party, the plaintiff should not be obligated to pay fees "unless a court finds that his claim was frivolous, unreasonable, or groundless." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978). The standard for awarding fees to a prevailing defendant is a "stringent one." *Hughes v. Rowe*, 449 U.S. 5, 14 (1980).

The *Christiansburg* standard has not been met in this case. While Doña Ana's attempts to distinguish *Butterfield Park* were not particularly strong, they were not wholly unfounded. The

language utilized by Moongate in its Complaint concerning the governmental request and requirements, when read literally, meshed with dicta in *Butterfield Park* where the panel noted that "[h]ad the NMPRC ordered or requested Moongate to supply water to [the customer], this would be a different case." *Id.*, 291 F.3d at 1270.  Despite this linguistic convergence, a fair reading of *Butterfield Park* and Complaint reveal that they envision two distinct scenarios.  While based on an overly narrow reading of *Butterfield Park*, Doña Ana's counterclaim was not frivolous, unreasonable, or groundless.  Moongate's request for attorney fees in connection with the § 1983 counterclaim should be denied.

**B.     Moongate's Motion for Partial Judgment on the Pleadings - Statute of Limitations.**

Moongate asserts that the statute of limitations bars Doña Ana's § 1983 counterclaim.  The § 1983 counterclaim has been dismissed on other grounds.  Therefore, it is not necessary to address Moongate's statute of limitation arguments.  This motion should be denied as moot.

**C.     Moongate's Motion to Amend Answer to Counterclaim.**

Moongate seeks to amend its answer to Doña Ana's § 1983 counterclaim to assert the affirmative defense of qualified immunity.  Qualified immunity shields government officials from individual liability for civil damages.  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)  Because the § 1983 counterclaim has been dismissed, this motion should be denied as moot.

**D.     Doña Ana's Motion to Dismiss for Lack of Case or Controversy.**

Moongate seeks a declaratory judgment that "the provisions of 7 U.S.C. § 1926(b) do not apply to Doña Ana regarding service by Moongate to persons either on their system or in the area of their system." (Compl. ¶ 5.)  Doña Ana counterclaimed for a declaratory judgment regarding "the rights and legal relations of the parties concerning the right of Moongate to sell water within the

Doña Ana 'Service Area'" and the damages that Moongate must pay for its past and future sales of water within the disputed area "until a transition can be completed eliminating encroachment;" injunctive relief; and a constructive trust on all of the water lines and facilities constructed by Moongate to serve residents within the disputed area.

In its brief, Doña Ana states that it "has discovered that it does not claim § 1926(b) protection to any customer currently provided water by Moongate, or to any customer that has requested water service by Moongate." (Br. in Supp. of Def.'s Mot. to Dismiss at 2.) Doña Ana argues that, due to its newfound position, no case or controversy exists because the applicability of § 1926(b) must be determined through reference to a particular customer. Doña Ana's premise is flawed.

Article III limits a federal court's jurisdiction to "cases and controversies." U.S. Const. art III, § 2. A "case or controversy" no longer exists when it is impossible for the court to grant any effectual relief whatsoever to a prevailing party. *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992); *Colorado Off-Highway Vehicle Coalition v. United States Forest Service*, ____ F.3d ____ (10th Cir. Feb. 4, 2004). If no case or controversy exists, the matter must be dismissed at any stage of the proceedings. *Colorado Off-Highway Vehicle Coalition*, ____ F.3d at ____ (citing *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996)). To determine whether a case or controversy exists in this case, the question is whether it is possible to grant effectual relief to a prevailing party under § 1926(b).

"Congress authorized the Secretary of Agriculture to make or insure loans to nonprofit water service associations for 'the conservation, development, use, and control of water.'" *Sequoyah County Rural Water Dist. No. 7 v. Town of Muldrow*, 191 F.3d 1192, 1194 (10th Cir. 1999) (quoting 7 U.S.C. § 1926(a)). Section 1926(b) provides that "[t]he service provided or made available through

9

any such association shall not be curtailed or limited by inclusion of the area served by such association within the boundaries of any municipal corporation or other public body." 7 U.S.C. § 1926(b). Through § 1926(b), Congress intended to protect rural water districts from competition to encourage rural water development and to provide greater security for and thereby increase the likelihood of repayment of the federal loans. *See Sequoyah County*, 191 F.3d at 1196. Section 1926(b) must be broadly construed to protect rural water districts from competition with other water service providers. *Rural Water Dist. No. 1, Post Rock v. City of Wilson,* 243 F.3d 1263, 1269 (10th Cir. 2001).

In order to receive the protections of § 1926(b), a water association must (1) have a continuing indebtedness on a § 1926(a) loan, and (2) have provided or made service available to the disputed area. *Sequoyah County*, 191 F.3d at 1197. It is undisputed that Doña Ana borrowed money from the Farmer's Home Administration (FmHA),[3] an agency of the United States Department of Agriculture. The issue is whether Doña Ana has made service available in the disputed area.

In assessing whether a water association has satisfied the "made service available" test, the Tenth Circuit focuses primarily on whether the association has proximate and adequate "pipes in the ground" with which it has served or can serve the disputed customers within a reasonable time. *Sequoyah County*, 191 F.3d at 1203. "This is essentially an inquiry into whether a water association *has the capacity* to provide water service to a given customer." *Id*. (emphasis added). The association must have made service available prior to the time an allegedly encroaching entity began providing service in order to obtain § 1926(b) protection. *Sequoyah County*, 191 F.3d at 1202 (citing *Lexington-South Elkhorn Water Dist. v. City of Wilmore*, 93 F.3d 230, 237 (6th Cir. 1996)). The

---

[3] The FmHA is now known as the Rural Utilities Service. 7 C.F.R. § 1780.3(a).

association must have "water lines . . . either . . . within or adjacent to the property claimed to be protected by § 1926(b) prior to the time an allegedly encroaching entity begins providing service in order to be eligible for § 1926(b) protection." *Lexington-South*, 93 F.3d at 237.

Doña Ana argues that the case should be dismissed for a lack of case or controversy because it does not claim § 1926(b) protection as to any customer currently provided water service by Moongate, or to any customer that has requested water service from Moongate. Doña Ana relies heavily on a recent Tenth Circuit opinion. In *Rural Water District No. 1, Post Rock*, Post Rock Rural Water District sought § 1926(b) protection from a neighboring municipality with respect to three disputed properties: Purma, Prairie Estates, and Banda Additions. *Id*., 243 F.3d at 1267-1268. The district court concluded that an injunction concerning Prairie Estates would be premature because there was no development in the area and Post Rock had not shown it had the ability to provide services in the area. *Id*., 243 F.3d at 1272.

The Tenth Circuit affirmed with respect to this ruling. *Post Rock*., 243 F.3d at 1272. In holding that the district court's denial of a declaratory judgment was not an abuse of discretion, the Tenth Circuit noted that whether Post Rock was entitled to provide exclusive water service in Prairie Estates would depend on whether Post Rock had the ability to serve that area. *Id*., 243 F.3d at 1272. Because there was no development and no water service within Prairie Estates, the question of whether Post Rock had the capacity to serve the area could not be established until water customers moved into Prairie Estates. *Id*.

The *Post Rock* decision is inapposite because portions of the disputed area have been developed and Moongate has been providing water service within the area for some time. Doña Ana's position as to whether it asserts § 1926(b) protection is irrelevant to the "made service

11

available" inquiry. The relevant issue is whether Doña Ana had water lines within or adjacent to the disputed area prior to the time that Moongate began providing service. *Sequoyah County*, 191 F.3d at 1202. This issue is presently capable of resolution through the judicial process. The motion to dismiss for lack of case or controversy should be denied.

E.  **Doña Ana's Motion in Limine to Exclude Expert Report and Proposed Testimony of Jerry Lowance.**

Doña Ana bases its argument on the faulty premise that a customer must request service from an association before a court can determine whether § 1926(b) protects the association. Lowance's preliminary report addresses the date that Moongate began servicing the area and Doña Ana's ability to serve customers in the disputed area. Lowance's testimony would be pertinent to the issue of whether Doña Ana had water lines within or adjacent to the disputed area prior to the time that Moongate began providing service to that area. The motion in limine should be denied.

F.  **Doña Ana's Motion for Partial Summary Judgment Relating to Moongate's Affirmative Defenses to Doña Ana's § 1926(b) Claim.**

Doña Ana claims that Moongate is barred as a matter of law from asserting waiver, estoppel, and laches as affirmative defenses to its § 1926(b) counterclaims. The question of whether Doña Ana is entitled to § 1926(b) protection has yet to be resolved. If this question is answered in the affirmative, Moongate should be permitted to argue its affirmative defenses. *See e.g. Pittsburg County Rural Water Dist. No. 7. v. City of McAlester*, 346 F.3d 1260, 1277-1278 (10th Cir. 2003) (applying statute of limitations); *Lexington-South*, 93 F.3d at 238 (observing unnecessary to address laches and estoppel because district ineligible for protection). This motion should be denied.

IV.  **Conclusion.**

Moongate's Motion for Partial Judgment on the Pleadings should be granted in part because

12

Moongate did not engage in state action. Moongate's request for attorney fees, Motion for Partial Judgment on the Pleadings - Statute of Limitations, and Motion to Amend Answer should be denied.

Doña Ana's Motion to Dismiss for Lack of Case or Controversy, Motion in Limine, and Motion for Partial Summary Judgment should be denied.

**WHEREFORE,**

**IT IS ORDERED** that Moongate's Motion for Partial Judgment on the Pleadings (Doc. 19), filed April 24, 2003, is **GRANTED WITH RESPECT TO DONA ANA'S COUNTERCLAIM BROUGHT PURSUANT TO 42 U.S.C. §1983, AND DENIED WITH RESPECT TO MOONGATE'S REQUEST FOR AN AWARD OF ATTORNEY FEES.**

**IT IS FURTHER ORDERED** that Moongate's Motion for Partial Judgment on the Pleadings - Statute of Limitations (Doc. 28), filed June 4, 2003; Moongate's Motion to Amend Answer to Counterclaim (Doc. 32), filed June 6, 2003; Doña Ana's Motion to Dismiss for Lack of Case or Controversy (Doc. 30), filed June 10, 2003; Doña Ana's Motion in Limine to Exclude Expert Report and Proposed Testimony of Jerry Lowance (Doc. 35), filed June 20, 2003, and Doña Ana's Motion for Partial Summary Judgment Relating to Moongate's Affirmative Defenses to Doña Ana's § 1926(b) claim (Doc. 40), filed June 23, 2003, are **DENIED.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**